**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| EDINGTON ON FIRST, LLC | : | CASE NO. 2:23-CV-3781 |
| Plaintiff | : | JUDGE |
| v. | : | **NOTICE OF REMOVAL FROM THE COURT OF COMMON PLEAS, FRANKLIN COUNTY, OHIO** |
| WEST BEND MUTUAL INSURANCE COMPANY | : | |
| Defendant | : | |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, West Bend Mutual Insurance Company, by and through counsel, submits this Notice of Removal to the United States District Court for the Southern District of Ohio, with respect to the above-styled action, pending as Case No. 23CV10-7200in the Franklin County Court of Common Pleas. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders received by Defendant and/or filed in connection with this matter are attached hereto as Exhibit A.

Defendant states the following grounds for removal:

**A.   REMOVAL IS TIMELY**

On October 6, 2023, Plaintiff, Edington on First, LLC ("Plaintiff") filed a civil action against Defendant, West Bend Mutual Insurance Company ("Defendant") in the Court of Common Pleas, Franklin County, Ohio.   Defendant was served with a copy of the Summons and Complaint via certified mail on or about October 14, 2023.  Therefore, this Notice is timely filed pursuant to 28 U.S.C. §1446(b).

B. **DIVERSITY JURISDICTION EXISTS**

Plaintiff is an Ohio limited liability company and is citizen of the State of Ohio with its principal place of business in Columbus, Franklin County, Ohio. Defendant is a corporation organized under the laws of State of Wisconsin and is a citizen of the State of Wisconsin. Accordingly, pursuant to 28 U.S.C. §1332(c)(1) complete diversity of the parties exists.

C. **AMOUNT IN CONTROVERSY EXCEEDS $75,000**

Plaintiff has asserted the following claims against Defendant in its complaint:

1. First Cause of Action: Breach of Contract - seeking monetary damages in excess of $25,000, plus pre- and post judgment interest, attorney's fees, and costs; and

2. Second Cause of Action: Declaratory Judgment against Defendant - seeking a judicial declaration of Plaintiff's rights and coverage under the insurance policy issued by Defendant to Plaintiff.

(Complaint, ¶27-44 and Demand for Relief).

**THE VALUE OF CLAIMS AGAINST DEFENDANT**

The explicit value of the claims against Defendant exceeds $25,000.00 based on Plaintiff's First Cause of Action. Even where a complaint does not explicitly claim an amount greater than $75,000.00, the amount in controversy requirement is met where the defendant demonstrates by a preponderance of the evidence that the amount in controversy exceeds $75,000.00 based on a fair reading of the pleadings (*See e.g.*; *Sunkin v. Hunter Eng. Co.*, N.D.Ohio No. 5:15CV892, 2015 WL 4406101, *3; *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 573 (6th Cir. 2001) (determining that a "fair reading" of a complaint with unspecified damages demonstrated that the amount in controversy was

above $75,000).) It is sufficient if the defendant can demonstrate, through a fair reading of the plaintiff's complaint and the relief sought, that the unspecified damages, if proved, will exceed $75,000." *Eversole v. Deutsche Bank Natl. Trust Co. (N.D.Ohio, Oct. 16, 2012), No. 12CV1901, 2012 U.S. Dist. LEXIS 188928, at *10.*

Notably the monetary damages being sought by Plaintiff are for "significant damages" alleged as a result of a fire at the insured property, represented to include "high-end condominium units" (Complaint, ¶11). Plaintiff alleges that it sustained losses that include significant physical damage to the property, along with significant delays in a construction process, a two month halt on construction, "extensive remedial work" at the property, and a inability to close any sales at the property due to "the substantial and ongoing work that was required" as a result of the fire. (Complaint, ¶12-15). Plaintiff alleges entitlement to costs and expenses that include interest on a mortgage loan, uncollected condominium fees, real estate taxes, utility payments, insurance premiums and more, all of which make up the "significant monetary damages" being alleged. (Complaint, ¶18, 24, 32).

Here, in addition to compensatory damages asserted "in excess of $25,000", Plaintiff is also seeking attorney's fees. The court must consider requests for attorney's fees in determining the amount in controversy, unless it appears to be a legal certainty that such damages and fees cannot be recovered. See *Sunkin v. Hunter Eng. Co.*, N.D.Ohio No. 5:15CV892, 2015 WL 4406101, *4 (finding that the amount in controversy was met where complaint sought in excess of $25,000 in compensatory damages, punitive damages, and attorneys' fees for misappropriation of trade secrets and tortious interference.)

3

In sum, the amount in controversy against Defendant includes compensatory damages in excess of $25,000.00, attorney's fees, pre-judgment interest, court costs, and post-judgment interest. A fair reading of the Complaint finds that the amount in controversy against Defendant easily exceeds $75,000.00.

### D. CONCLUSION

Based upon the above, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that the Complaint presents a case where the amount in controversy exceeds the sum of $75,000.00 and is between citizens of different states; therefore, removal is proper.   Pursuant to 28 U.S.C. § 1446(d), upon filing this Notice of Removal, Defendant has filed a Notice of Filing Notice of Removal in the Court of Common Pleas for Franklin County, Ohio.

Respectfully Submitted,

/s/ Christine C. Steele_____
JOHN C. SCOTT,  #0029518
CHRISTINE C. STEELE, #0055288
Attorneys for Defendant,
West Bend Mutual Insurance Company
FAULKNER & TEPE, LLP
720 East Pete Rose Way, Suite 300
Cincinnati, Ohio  45202
(513) 421-7500
jscott@faulkner-tepe.com
csteele@faulkner-tepe.com

### CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of November, 2023, the foregoing was filed electronically via the CM/ECF filing system which will serve the foregoing counsel of records:

Peter W. Hahn, Esq.
Eric B. Kjellander, Esq.
Nicholas P. Lacey, Esq.
BENESCH, FRIEDLANBDER, COPLAN & ARONOFF, LLP
41 South High Street, Suite 2600
Coumbus, Ohio  43215-6164
phahn@beneschlaw.com
ekjellander@bebeschlaw.com
nlacey@benescxhlaw.com

                                        /s/ Christine C. Steele
                                        CHRISTINE C. STEEL