# IN THE COURT OF COMMON PLEAS
# FRANKLIN COUNTY, OHIO

| | |
|---|---|
| EDINGTON ON FIRST LLC<br>1123 Goodale Blvd. Ste. 500<br>Columbus, Ohio 43212<br><br>        Plaintiff,<br><br>v.<br><br>WEST BEND MUTUAL<br>INSURANCE COMPANY<br>1900 S. 18th Ave.<br>West Bend, Wisconsin 53095<br><br>        Defendant. | Case No. _____<br><br>Judge _____<br><br>**JURY DEMAND ENDORSED HEREON** |

## COMPLAINT

Plaintiff, Edington on First LLC ("Edington"), by and through counsel, for its Complaint against Defendant West Bend Mutual Insurance Company ("West Bend"), states as follows:

### PARTIES AND JURISDICTION

1. Edington is a limited liability company organized under the laws of the state of Ohio with a principal place of business in Franklin County, Ohio. Edington is in the business of developing luxury residential and mixed-use real estate.

2. Upon information and belief, West Bend is a corporation incorporated in the state of Minnesota and has a principal place of business in West Bend, Wisconsin. West Bend is in the business of providing insurance coverage.

3. This Court has jurisdiction over the subject matter of this action and the parties because many of West Bend's actions that give rise to Edington's claims were committed in Franklin County, Ohio, and because the subject property is in Franklin County, Ohio.

## FACTUAL BACKGROUND

A.   **Edington and West Bend Enter into a Contract for Insurance.**

4. Edington owns the property at 1572-1588 W. First Ave, Grandview Heights, Ohio 43212 (the "Property").

5. As of the date of the filing of this Complaint, Edington is in the process of developing high-end condominium units at the Property for sale.

6. On or about May 31, 2022, West Bend issued Edington a commercial lines insurance policy (the "Policy"), policy number B080695 00. Pursuant to Civ.R. 10(D)(1), a copy of the Policy is not attached to this Complaint due to the length of the document, but West Bend is in possession of the Policy, and a copy is available upon request.

7. The Policy was effective for the period of June 1, 2022 to June 1, 2023.

8. Edington is the named insured under the Policy.

9. The Property is identified on the Policy's "Location Schedule."

10. In exchange for Edington's premium payment of $21,207, West Bend agreed to provide certain "Businessowners Coverage" and "Commercial Liability Umbrella Coverage" to Edington.

B.   **A Fire Causes Significant Damage to the Property and Delays Construction at the Property.**

11. On July 29, 2022, a fire at the Property caused significant damage to the Property. The cause of the fire remains unknown.

12. In addition to the physical damage to the Property, the fire caused significant delays to the construction process and caused Edington to incur additional expenses that it would not have incurred but for the fire.

2

23237413 v2

13. For a period of two months after the fire, Edington and its contractors were not permitted to access the Property, causing all construction at the Property to be completely halted.

14. A restoration subcontractor performed extensive remedial work at the Property, which was not completed until March 2023.

15. At the time of the fire, Edington was only weeks away from closing the sale of several condominium units. Now, over a year later, Edington still has not closed a sale because of the substantial and ongoing work that was required at the Property as a result of the fire.

C. **West Bend Denies Edington's Claim for Expenses Incurred as a Result of the Fire.**

16. Edington submitted a claim under the Policy to West Bend for certain construction costs.

17. To date, and despite providing all requisite backup for the construction costs, West Bend has failed to adequately compensate Edington for the costs incurred as a direct result of the fire and as covered under the Policy.

18. In addition to construction costs, the claim also included certain extra expenses and loss of business income that Edington incurred as a result of the fire, including amounts for interest on a mortgage loan that would have otherwise been reduced by the sale of the units, uncollected condominium fees, real estate taxes, utility payments, insurance premiums, and additional amounts for labor and supervision that Edington paid to its general contractor (the "Extra Expense and Business Income Claim").

19. The Policy provides coverage for lost "Business Income" resulting from "the necessary suspension of [Edington's] 'operations' during the 'period of restoration," if the suspension of operations is "caused by direct physical loss or damage to property at the described premises."

3

23237413 v2

Franklin County Ohio Clerk of Courts of the Common Pleas- 2023 Oct 05 2:29 PM-23CV007201
0G574 - P92

20. The Policy defines "Business Income" as "[n]et income . . . that would have been earned or incurred if no physical loss or damage had occurred[.]"

21. The Policy defines "suspension" as the "partial slowdown or complete cessation of [Edington's] business activities."

22. The Policy provides coverage for "Extra Expense[s]" incurred "during the 'period of restoration' that [Edington] would not have incurred if there had been no direct physical loss or damage to property at the described premises."

23. Edington incurred Extra Expenses during the period of restoration due to the suspension of its business caused by the fire.

24. Edington lost Business Income that it otherwise would have earned had the fire not occurred and caused damage to the Property.

25. Although the Extra Expense and Business Income Claim qualifies for coverage under the Policy, West Bend denied that coverage after committing for several months that it was covered, and instructing Edington to move certain costs from hard construction cost to Extra Expense and Business Income costs.

26. While West Bend disputes that coverage exists under the Policy for Edington's Extra Expense and Business Income Claim, West Bend has also failed to remit payment to Edington for certain costs that West Bend *has* found are covered under the Policy.

## COUNT I
### (Breach of Contract)

27. Edington incorporates fully by reference the allegations in the preceding paragraphs.

28. The Policy is a contract.

4

23237413 v2

29. Edington fulfilled its obligations under the Policy by timely and fully paying its premiums to West Bend.

30. West Bend has breached the Policy by failing to cover Edington's Extra Expense and Business Income Claim and by failing to remit payment to Edington for costs that West Bend determined were covered under the Policy.

31. West Bend has breached the Policy by failing to pay Edington for all costs covered under the Policy.

32. As a result of West Bend's breach, Edington has incurred, and continues to incur, significant monetary damages.

## COUNT II
### (Declaratory Judgment)

33. Edington incorporates fully by reference the allegations in the preceding paragraphs.

34. Edington is entitled to a declaratory judgment pursuant to Ohio Rev. Code §§ 2721.03 and 2721.04, establishing that:

    (a) The fire was a "covered cause of loss" under the Policy;

    (b) The fire caused a "necessary suspension" of Edington's "operations" under the Policy;

    (c) Edington's Extra Expense Claim and Business Income Claim is covered under the Policy; and

    (d) West Bend must compensate Edington for all costs incurred as a direct result of the fire and covered under the Policy.

### DEMAND FOR RELIEF

WHEREFORE, Edington respectfully requests judgment as follows:

5

23237413 v2

1. Judgment in Edington's favor and against West Bend on all claims;

2. Judgment in Edington's favor and against West Bend on Count I in an amount, in excess of $25,000, to proven at trial, plus pre- and post-judgment interest, attorneys' fees, and costs;

3. Judgment in Edington's favor and against West Bend on Count II, declaring that (a) the fire was a "covered cause of loss" under the Policy; the fire caused a "necessary suspension" of Edington's "operations" under the Policy; (c) Edington's Extra Expense and Business Income Claim is covered under the Policy; and (d) West Bend must compensate Edington for all costs incurred as a direct result of the fire and covered under the Policy; and

4. All other relief in law and equity to which Edington may be entitled.

Respectfully submitted,

*/s/ Peter W. Hahn*
Peter W. Hahn (0070202)
Eric B. Kjellander (0096219)
Nicholas P. Lacey (0100042)
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
41 South High Street, Suite 2600
Columbus, Ohio 43215-6164
Telephone: 614.223.9300
Facsimile: 614.223.9330
Email: phahn@beneschlaw.com
ekjellander@beneschlaw.com
nlacey@beneschlaw.com

*Attorneys for Plaintiff Edington on First LLC*

6

23237413 v2

## JURY DEMAND

Edington hereby demands a trial by jury, by the maximum number of jurors permitted by law, on all issues so triable herein.

*/s/ Peter W. Hahn*
Peter W. Hahn (0070202)
*Attorney for Plaintiff Edington on First LLC*

## INSTRUCTIONS FOR SERVICE

TO THE CLERK: Please serve a copy of the Complaint and Summons by certified mail, return receipt requested, upon the Defendant at the addresses as set forth in the Complaint.

23237413 v2