IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**EDINGTON ON FIRST, LLC,**

    **Plaintiff,**

                                      Civil Action 2:23-cv-3781
                                      Judge Edmund A. Sargus, Jr.
    v.                                  Magistrate Judge Elizabeth P. Deavers

**WEST BEND MUTUAL
INSURANCE COMPANY,**

    **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Renewed Motion for Leave to Amend Its Complaint. (ECF Nos. 51, 52.) Defendant filed a Memorandum in Opposition. (ECF No. 54.) Plaintiff filed a Reply. (ECF No. 55.) This matter is ripe for judicial review. For the following reasons, Plaintiff's Motion (ECF Nos. 51, 52) is **DENIED**.

    **I.**        **BACKGROUND**

Defendant removed this case from Franklin County Court of Common Pleas on November 10, 2023. (ECF No. 1.) On April 18, 2024, the Court issued a Preliminary Pretrial Order, which set the deadline to file motions to amend the pleadings as July 15, 2024. (ECF No. 22.) Since then, the parties have sought and received three extensions to the discovery, dispositive motions, and/or expert deadlines. (ECF Nos. 23, 24, 35, 36, 38, 39.) On July 10, 2025, Plaintiff filed its Motion for Leave to Amend its Complaint. (ECF No. 40.) The Court denied Plaintiff's Motion (ECF No. 40) without prejudice as to Plaintiff's re-filing of a properly supported motion pursuant to Rules 16(b)(4) and Rule 15(a)(2).

**II.       STANDARD OF REVIEW**

When a motion to amend is brought after the deadline set within the court's scheduling order, a party must satisfy the standards of both Federal Rules of Civil Procedure 15(a)(2) and 16(b)(4). *Carrizo (Utica) LLC v. City of Girard, Ohio*, 661 F. App'x 364, 367 (6th Cir. 2016) (citing *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003)). "Once the scheduling order's deadline to amend the complaint passes, . . . a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend and the district court must evaluate prejudice to the nonmoving party before a court will consider whether amendment is proper under Rule 15(a)." *Commerce Benefits Grp. Inc. v. McKesson Corp*, 326 F. App'x 369, 376 (6th Cir. 2009) (internal quotation marks and citation omitted) (cleaned up); *cf. Johnson v. Metro. Gov't of Nashville & Davidson Cnty.*, Nos. 10-6102 & 11-5174, 2012 WL 4945607, at *17 (6th Cir. Oct. 18, 2012) ("Rule 15 is augmented by Rule 16, which states that the generally wide latitude to amend may be restricted by the court's other scheduling orders.").

Under Rule 16, the Court will modify a case scheduling order "only for good cause . . . ." Fed. R. Civ. P. 16(b)(4). The party seeking modification of the case schedule has the "obligation to demonstrate 'good cause' for failing to comply with the district court's scheduling order . . . ." *Pittman ex rel. Sykes v. Franklin*, 282 F. App'x 418, 425 n.5 (6th Cir. 2008). In determining whether good cause exists, the primary consideration "is the moving party's diligence in attempting to meet the case management order's requirements." *Commerce*, 326 F. App'x at 377 (internal quotation marks and citation omitted); *see also Leary*, 349 F.3d at 906 ("But a court choosing to modify the schedule upon a showing of good cause, may do so only 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'") (quoting the 1983 advisory committee notes to Fed. R. Civ. P. 16). Finally, the Court must also consider "potential prejudice to the nonmovant . . . ." *Leary*, 349 F.3d at 909. Even if an amendment would not

prejudice the nonmoving party, a plaintiff must still provide good cause for failing to move to amend by the Court's deadline. *Korn v. Paul Revere Life Ins. Co.*, 382 F. App'x 443, 450 (6th Cir. 2010); *see also Wagner v. Mastiffs*, Nos. 2:08-cv-431, 2:09-cv-0172, 2011 WL 124226, at *4 (S.D. Ohio Jan. 14, 2011) ("[T]he absence of prejudice to the opposing party is not equivalent to a showing of good cause.").

If the proponent of a belated amendment demonstrates good cause under Rule 16(b)(4), a court will then evaluate the proposed amendment under Rule 15. *Commerce*, 326 F. App'x at 376. Rule 15 provides that when a party seeks leave of court to file an amended pleading, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) sets forth "a liberal policy of permitting amendments to ensure the determination of claims on their merits." *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (internal quotation marks and citation omitted). As the United States Court of Appeals for the Sixth Circuit has noted, "[f]actors that may affect [a Rule 15(a)(2)] determination include undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of the amendment." *Seals v. Gen. Motors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008). A court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005).

### III.     ANALYSIS

The Court finds that Plaintiff again fails to demonstrate good cause pursuant to Rule 16(b)(4). The key inquiry is whether the party was diligent in its efforts to timely file the proposed amendment. While Plaintiff addresses Rule 16 in its Renewed Motion, it fails to provide any argument that it was diligent in its efforts to timely file its proposed amendment or

3

that it could not reasonably meet the deadline. As Defendant notes, the diligence consideration is with regard to the specific deadline the party seeks to modify, not, as Plaintiff argues, with regard to the movant's general diligence in litigating the case.

Although Plaintiff's lack of diligence is dispositive, the Court further notes that granting the relief requested could result in minimal prejudice to Defendant.[1] Plaintiff argues that Defendant would not be prejudiced by the amendment because the parties have jointly requested extensions to the case schedule. (ECF No. 52, at PageID 906.) Defendant responds that the amendment would prejudice it "by altering the scope of the case at a late stage." (ECF No. 54, at PageID 917.) Defendant also argues that the addition of a bad faith claim would necessitate the retention of new expert witnesses and unexpected fact discovery on additional topics, such as claims handling standards, industry practices, and the reasonableness of Defendant's conduct. (*Id*. at PageID 921,) Defendant further argues that the prejudice is "even more acute" because Plaintiff's proposed claim is futile. (*Id.* at PageID 921–22.) Although it appears Defendant has conducted very little discovery in this nearly three-year-old case so far, the Court finds it likely that Defendant would have to engage in some additional discovery if the Court permitted the proposed amendment.

The Court need not address whether leave to amend is appropriate under Rule 15(a). *United States ex rel. Martin Marietta Materials, Inc. v. Nelson, Inc.*, 286 F.R.D. 327, 331 (W.D. Tenn. 2012) ("Because the court finds no good cause to amend the scheduling order under Rule 16(b), it will not address whether leave to amend is appropriate under Rule 15(a)."); *Ward v. Am.*

---

[1] The Court does not base this finding on Defendant's futility argument. *See Durthaler v. Accts. Receivable Mgmt., Inc.*, No. 2:10-CV-1068, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011) (denying a motion for leave to amend on grounds that the proposed [complaint] is legally insufficient is, at least indirectly, a ruling on the merits" of the claims presented in the complaint).

*Pizza Co.*, 279 F.R.D. 451, 456 (S.D. Ohio 2012) (stating that the court "need not address" whether the moving party satisfied the requirements of Rule 15(a) when she had not shown good cause under Rule 16(b)).

Accordingly, Plaintiff's Motion (ECF Nos. 51, 52) is **DENIED** for failure to demonstrate good cause pursuant to Rule 16(b).

### IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Renewed Motion for Leave to Amend its Complaint is **DENIED**.  (ECF Nos. 51, 52.)

**IT IS SO ORDERED.**

**Date: October 9, 2025**          */s/ Elizabeth A. Preston Deavers*
                                   **ELIZABETH A. PRESTON DEAVERS**
                                   **UNITED STATES MAGISTRATE JUDGE**