**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**EDINGTON ON FIRST, LLC,**

    **Plaintiff,**

    **v.**
                                **Case Number 2:23-cv-3781**
                                  **Judge Edmund A. Sargus, Jr.**
                                  **Magistrate Judge S. Courter M. Shimeall**

**WEST BEND MUTUAL INSURANCE**
**COMPANY,**

    **Defendant.**

## OPINION AND ORDER

The matter before the Court is Plaintiff Edington on First, LLC's Appeal of Magistrate Judge Decision to District Court, (ECF Nos. 58, 59) which is an objection under Federal Rule of Civil Procedure 72(a) to the Magistrate Judge's order denying leave to amend the Complaint (ECF No. 56). Defendant West Bend Mutual Insurance Company filed a response in opposition to the objection. (ECF No. 60.) For the reasons stated below, Plaintiff's objection is **OVERRULED**, and the Magistrate Judge's Opinion and Order denying leave to amend is **AFFIRMED**.

## BACKGROUND

Defendant removed this case from the Franklin County Court of Common Pleas on November 10, 2023. (ECF No. 1.) In April 2024, the Court issued a scheduling order, which set the deadline to file motions to amend the pleadings as July 15, 2024. (ECF No. 22.) The parties then sought and received extensions to the discovery, dispositive motions, and expert deadlines, but the deadline to amend the pleadings remained unchanged. (ECF Nos. 23, 24, 35, 36, 38, 39.)

On July 10, 2025, nearly one year after the deadline to amend the pleadings had passed, Plaintiff filed a Motion for Leave to File Amended Complaint to add a claim for insurance bad faith. (ECF No. 40.) The Court denied Plaintiff's Motion without prejudice subject to Plaintiff's re-filing of a properly supported motion under Federal Rules of Civil Procedure 16(b)(4) and 15(a)(2). (ECF No. 47.)

In September 2025, Plaintiff submitted a Second Motion for Leave to Amend Complaint. (ECF Nos. 51, 52.) The Magistrate Judge denied the Motion. (ECF No. 56.) The Magistrate Judge found that Plaintiff did not show good cause under Rule 16(b)(4) because it failed to demonstrate its diligence in its efforts to comply with the deadline to amend the pleadings. (*Id.* PageID 992–93.) Although Plaintiff's lack of diligence was dispositive, the Magistrate Judge further noted that granting leave to amend could result in some prejudice to Defendant because of the likelihood that Defendant would have to engage in additional discovery. (*Id.* PageID 993.) Because of the foregoing, the Magistrate Judge concluded that the Court need not address whether leave is appropriate under Rule 15(a)(2). (*Id.*)

Plaintiff filed the instant objection under Federal Rule of Civil Procedure 72(a) requesting reconsideration of the Magistrate Judge's decision. (ECF Nos. 58, 59.) Defendant filed a response in opposition. (ECF No. 60.) The objection is ripe for the Court's review.

## STANDARD

Under Rule 72, if party objects to a magistrate judge's nondispositive pretrial order, the "district judge must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P 72(a). The "clearly erroneous" standard applies to factual findings made by the Magistrate Judge, while legal conclusions are reviewed under the "contrary to law" standard. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio

2

1992) (Kinneary, J.). A factual finding is "clearly erroneous" when the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *Heights Cmty. Congress v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985). A decision is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Bisig*, 940 F.3d at 219.

## ANALYSIS

Plaintiff argues that the Magistrate Judge's finding that "Plaintiff was not sufficiently diligent in complying with case management deadlines" was clearly erroneous because she "overlooked" Plaintiff's attempts to comply with case deadlines, such as the six sets of discovery requests it issued to Defendant, and Defendant's failure to respond to that discovery. (ECF No. ECF No. 59, PageID 1235.) It argues that its delay in seeking amendment was caused at least in part by Defendant's lack of discovery responses, and that the Magistrate Judge should have considered Defendant's conduct when considering Plaintiff's diligence. (*Id.* PageID 1236–1237.)

But Plaintiff did not raise that argument to the Magistrate Judge. (*See* ECF No. 51.) In its Motion and brief in support, Plaintiff cited its unanswered discovery requests only as evidence of its efforts to "move the case forward and comply with existing deadlines." (*See* ECF No. 51, PageID 638; ECF No. 52, PageID 901, 906–07.) Evidence that Plaintiff tried to move the case forward and generally comply with discovery deadlines, however, is insufficient to establish diligence in attempting to meet the deadline to amend the pleadings. Plaintiff did not seek to extend the deadline in the Parties' numerous requests to extend other case deadlines; and it sought leave to amend nearly one year after the deadline to amend had passed without demonstrating that it had acted diligently in attempting to comply with that deadline.

3

Accordingly, the Magistrate Judge did not err when she found that Plaintiff failed to establish its diligence in complying with the specific deadline it sought to modify. *See Carrizo (Utica) LLC v. City of Girard*, 661 F. App'x 364, 367 (6th Cir. 2016). Further, because Plaintiff did not argue to the Magistrate Judge that Defendants' failure to respond to discovery prevented it from seeking leave to amend earlier, the Court declines to consider it at this stage. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (explaining that parties may not raise new arguments or issues to the district court that were not presented to the magistrate judge when challenging the magistrate judge's ruling); *N. Am. Rescue Prods. v. Bound Tree Med., LLC*, No. 2:08-cv-101, 2010 U.S. Dist. LEXIS 45302, at *12–13 (S.D. Ohio May 10, 2010) (Holschuh, J.) ("Presenting a new and different argument, not raised before the Magistrate Judge, is an improper method to seek reversal of the Magistrate Judge's decision.")

Plaintiff next argues that the Magistrate Judge's ruling is contrary to law because it prevents a determination of relevant claims on the merits and essentially immunizes Defendant's conduct that took place after the filing of the Complaint. (ECF No. 59, PageID 1240.)

The Court finds that the Magistrate Judge's decision is not contrary to law. As explained by the Magistrate Judge, when a party seeks leave to amend after the deadline has passed, the party must satisfy the standards in Rules 16(b)(4) and 15(a)(2). First, it must show good cause under Rule 16(b)(4) for failing to comply with the court's scheduling order, which it may do by demonstrating that it could not have met the original deadline despite its diligence, and the Court must evaluate prejudice to the nonmoving party. *Carrizo,* 661 F. App'x at 367; *In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 843 (6th Cir. 2020); *Commerce Benefits Grp. Inc. v. McKesson Corp.*, 326 F. App'x 369, 376 (6th Cir. 2009). Second, upon a showing of good cause to amend the case schedule, the Court will consider whether to grant leave to amend under Rule

15(a)(2). *Id.*; *Carrizo*, 661 F. App'x at 367. Consistent with that framework, the Magistrate Judge correctly considered first whether good cause existed under Rule 16(b)(4), and upon concluding that it did not, declined to consider whether leave to amend was appropriate under Rule 15(a)(2). In doing so, the Magistrate Judge properly applied the law. *See Ward v. Am. Pizza Co.*, 279 F.R.D. 451, 456 (S.D. Ohio 2012) (Kemp, M.J.).

## CONCLUSION

For the reasons stated above, the Court finds that the Magistrate Judge's decision, denying leave to amend the Complaint was not clearly erroneous or contrary to law. Accordingly, (ECF No. 58) Plaintiff Edington on First, LLC's Appeal of Magistrate Judge Decision to District Court is **OVERRULED**, and (ECF No. 56) the Magistrate Judge's Opinion and Order denying leave to amend is **AFFIRMED**.

This case remains open.

**IT IS SO ORDERED.**

<u>6/4/2026</u>                                                     <u>s/Edmund A. Sargus, Jr.</u>
**DATE**                                                           **EDMUND A. SARGUS, JR.**
                                                                   **UNITED STATES DISTRICT JUDGE**